# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM GARY MILBURN | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-17-606 |
| STATE OF MARYLAND | * | |
| Respondent | * | |

\*\*\*

## **MEMORANDUM**

Respondent filed an answer seeking dismissal of the above-captioned petition for writ of habeas corpus for failure to exhaust applicable state remedies. ECF No. 4. Petitioner has not filed a reply and no hearing is necessary to resolve the matters pending.

Petitioner William Gary Milburn challenged his confinement in Patuxent Institution on a parole retake warrant issued by the Maryland Parole Commission. ECF No. 1. Respondent explains that Milburn is participating in a program known as the Patuxent Violators Program where he was placed following an August 31, 2016 decision by the Parole Commission to withhold final disposition on revocation of Milburn's parole pending his successful completion of the program. Should Milburn successfully complete the program, the retake warrant will be recalled and he will be released from custody. The crux of Milburn's claim is that he is being held beyond the February 13, 2017 expiration date of his term of incarceration. *Id*.

Milburn's petition involves questions of State law only and is therefore subject to the exhaustion requirement of 28 U.S.C. § 2254(b). The exhaustion requirement applies to petitions filed pursuant to 28 U.S.C. §2241. *See Francis v. Henderson*, 425 U.S. 536, 538 (1976) ("This Court has long recognized that in some circumstances considerations of comity and concerns for

the orderly administration of criminal justice require a federal court to forgo the exercise of its habeas corpus power."); *see also Timms v. Johns*, 627 F. 3d 525, 531 (4th Cir. 2010) (applying exhaustion requirements to 2241 petition challenging civil commitment). Thus, before filing a federal habeas petition, Milburn must exhaust each claim presented by pursuing remedies available in state court. *See Rose v. Lundy*, 455 U.S. 509, 521 (1982). The claim must be fairly presented to the state courts; this means presenting both the operative facts and controlling legal principles. *See Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted), *cert. denied*, 121 S. Ct. 1194 (2001). Exhaustion includes appellate review in the Maryland Court of Special Appeals and the Maryland Court of Appeals. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Respondent asserts that Milburn has not filed a state court case challenging the legality of his confinement beyond his expiration date. ECF No. 4 at Ex. 1. Milburn does not dispute this assertion. The claim is therefore unexhausted. Accordingly, this Court may not reach the merits of Miburn's claims. The petition must be dismissed without prejudice.

In addition, this court must consider whether a certificate of appealability should issue. *See* 28 U.S.C. §2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at least, that . . . jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). That Milburn's claim is unexhausted is unassailable; therefore, a COA shall not issue.

A separate order follows.


Date: October 6, 2017                                   /S/
                                              PAULA XINIS
                                              United States District Judge